IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIANGSU SHUIMU NEW MATERIALS CO., LTD., | ) ) ) | Case No. [_____] |
| Plaintiff, | ) ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| YIWU XUANXI E-COMMERCE TRADING COMPANY and HAOYI CHEN, | ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

Plaintiff Jiangsu Shuimu New Materials Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendants Yiwu Xuanxi E-commerce Trading Company ("Yiwu Xuanxi") and Haoyi Chen ("Chen") (together, "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment that United States Design Patent No. D1,083,442 S ("the '442 Patent") is invalid, is not infringed by Plaintiff's products, and is unenforceable, and for damages arising from Defendants' repeated use of that patent to remove Plaintiff's product listings from Amazon.com in bad faith.

2. The '442 Patent claims an ornamental design for a floor mat. It was filed on November 21, 2024, and issued on July 15, 2025. The design it claims was already in the public domain long before the application was filed.

3. The single prior-art reference the Examiner cited during prosecution, an Amazon listing bearing ASIN B0D8JW27DG, carries verified customer reviews with product photographs posted on July 11, 2023 and July 15, 2023.

1

4. Both disclosures predate not only the filing date of the '442 Patent but also the one-year period preceding it. Neither can be excepted from the prior art under 35 U.S.C. § 102(b)(1). The '442 Patent is anticipated and invalid.

5. Defendants know this. In April 2026, Defendants caused Amazon to remove Plaintiff's listing for ASIN B0G1GG2YQP by submitting an intellectual property complaint asserting the '442 Patent, assigned complaint identifier 19780264751. Plaintiff, through counsel, submitted the prior art described above. Amazon reinstated the listing in April 2026.

6. Having been shown that the '442 Patent claims a design that was publicly available in 2023, Defendants did not withdraw their assertion, did not seek reexamination, and did not file suit in any court where their patent could be tested. Instead, on July 23, 2026, Defendants submitted a second complaint, assigned identifier 21256716311, asserting the same patent against three additional listings of the same seller: ASINs B0DSRWD6VS, B0GJZDDDGC, and B0G1GGKR48. Amazon removed all three.

7. That is a pattern, not a mistake. Defendants are using a marketplace takedown mechanism, which imposes immediate commercial consequences and provides no neutral adjudication of validity, to obtain relief that no court would grant on the merits, and to suppress a competing seller of a product design that belongs to the public.

8. Plaintiff brings this action to end that practice, to obtain a judgment binding Defendants as to the invalidity and non-infringement of the '442 Patent, and to recover the losses Defendants' conduct has caused.

## THE PARTIES

9. Plaintiff Jiangsu Shuimu New Materials Co., Ltd. ("Shuimu") is a business entity organized under the laws of the People's Republic of China. Shuimu manufactures the quick-

2

drying diatomaceous earth stone bath mats at issue in this action and supplies them to distributors that offer them for sale on Amazon.com. Those distributors include Dong Guan Shi Bo Mu Shi Ye You Xian Gong Si, which operates the Amazon storefront "HomeDecor-Shop," Amazon Seller ID A3IDUCVE3SG28G, and which listed ASINs B0DSRWD6VS, B0GJZDDDGC, B0G1GGKR48, and B0G1GG2YQP; and Guang Zhou Bei Dou Wen Hua Fa Zhan You Xian Gong Si, which operates the Amazon storefront "JOYBIRD," Amazon Seller ID A15DV125AVGFRS, and which listed ASIN B0GJZDDDGC.

10. On information and belief, Defendant Yiwu Xuanxi E-commerce Trading Company is a business entity organized under the laws of the People's Republic of China with a principal place of business in Zhejiang Province, China. Yiwu Xuanxi is identified on the face of the '442 Patent as the applicant. On information and belief, Yiwu Xuanxi is the current owner of the '442 Patent. The named inventor is Lina Shi of Zhejiang, China.

11. On information and belief, Defendant Haoyi Chen is an individual residing in the State of Texas and an attorney practicing at Arch & Lake LLP, which maintains an office at 203 North LaSalle Street, Suite 2100, Chicago, Illinois 60601. In the notices Amazon transmitted to Plaintiff for both the April 2026 and July 2026 complaints, Chen is identified as the "Rights Owner" asserting the '442 Patent, with the contact address haoyichen@archlakelaw.com. Chen therefore either holds an ownership or exclusive license interest in the '442 Patent, in which case he is a necessary party to the declaratory relief sought here, or he represented to Amazon that he held such an interest when he did not.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject

3

matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

13. An actual and justiciable controversy exists between Plaintiff and Defendants within the meaning of 28 U.S.C. § 2201. Defendants have twice asserted that Plaintiff's products infringe the '442 Patent and have twice obtained the removal of Plaintiff's listings on that basis. Plaintiff contends that its products do not infringe any valid claim of the '442 Patent and that the '442 Patent is invalid and unenforceable. Under the totality of the circumstances, the dispute is definite and concrete, touches the legal relations of parties having adverse legal interests, and is of sufficient immediacy and reality to warrant declaratory relief. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

14. This Court has personal jurisdiction over Chen because, on information and belief, Chen resides in and practices law in Illinois, transacts business in Illinois, and submitted or directed the submission of the infringement complaints at issue from Illinois.

15. This Court has personal jurisdiction over Yiwu Xuanxi. Yiwu Xuanxi engaged in extra-judicial enforcement of the '442 Patent that was purposefully directed at Plaintiff and at Plaintiff's sales in this District, by identifying specific Amazon listings for removal with knowledge that removal would automatically follow and would suppress Plaintiff's sales. Yiwu Xuanxi also offers, sells, and sold products embodying the claimed design into this District through online marketplaces.

16. In the alternative, this Court has personal jurisdiction over Yiwu Xuanxi under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law; Yiwu Xuanxi is not subject to jurisdiction in any state's courts of general jurisdiction; and the exercise of

jurisdiction is consistent with the United States Constitution and laws given Yiwu Xuanxi's deliberate use of a United States patent and a United States marketplace to affect commerce throughout the United States.

17. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here, and under 28 U.S.C. § 1391(c)(3) because Yiwu Xuanxi is not resident in the United States and may be sued in any judicial district.

**FACTUAL ALLEGATIONS**

**A.     Plaintiff's Business and the Accused Listings**

18. Plaintiff manufactures quick-drying diatomaceous earth stone bath mats and supplies them to distributors that offer them for sale on Amazon.com.

19. The listings at issue are ASINs B0DSRWD6VS, B0GJZDDDGC, B0G1GGKR48, and B0G1GG2YQP (collectively, the "Accused Listings"), each offering a sectioned stone mat product manufactured by Plaintiff and offered through Plaintiff's distributors. ASINs B0DSRWD6VS, B0GJZDDDGC, B0G1GGKR48, and B0G1GG2YQP were offered through the "HomeDecor-Shop" storefront. ASIN B0GJZDDDGC was also offered through the "JOYBIRD" storefront.

**B.     The '442 Patent**

20. The '442 Patent, entitled "Floor Mat," issued on July 15, 2025 from Application No. 29/974,382, filed November 21, 2024. It contains a single claim: "The ornamental design for a floor mat, as shown and described."

21. The '442 Patent identifies Yiwu Xuanxi E-commerce Trading Company of Zhejiang, China as the applicant and Lina Shi of Zhejiang, China as the inventor. A true and correct copy of the '442 Patent is attached as Exhibit A.

5

22. The face of the '442 Patent lists, under "Other Publications," a single non-patent reference cited by the Examiner: "Extra Long Stone Bath Mat by MophonicHome. Sold on amazon.com. Aug. 1, 2024. Accessed on Feb. 8, 2025," identified by ASIN B0D8JW27DG (the "MophonicHome Listing"). A true and correct copy of the MophonicHome Listing, ASIN B0D8JW27DG, as it appears on Amazon.com as of the filing of this Complaint, is attached as Exhibit B.

23. In an Office action dated February 13, 2025, the Examiner rejected the single claim under 35 U.S.C. § 102(a)(1) as anticipated by the MophonicHome Listing, finding that the appearance of the MophonicHome mat was substantially the same as the claimed design and that it was available to the public on August 1, 2024, before the November 21, 2024 effective filing date. On May 12, 2025, the applicant responded through Jingfeng Song, Reg. No. 67,105, of SciNova IP and Regulatory Consulting LLC, and submitted a declaration under 37 C.F.R. § 1.130(b) executed by the named inventor, Lina Shi, on March 6, 2025 under penalty of perjury. The declaration represented that the MophonicHome Listing was published with a first available date of August 1, 2024; that a substantially identical mat, the "AWW Foldable Stone Bath Mat," had been publicly disclosed on Amazon.com as early as July 8, 2024 under ASIN B0D91KN7KP by a seller operating the storefront "AWW-US"; and that AWW-US had obtained the design directly from the inventor, as evidenced by a Product Sales Authorization Letter from Lina Shi to AWW-US dated November 30, 2023. On that basis the applicant argued that the MophonicHome Listing was not prior art under 35 U.S.C. § 102(b), the Examiner withdrew the rejection, and the claim was allowed. Neither the declaration nor the response disclosed that the MophonicHome Listing itself bore verified purchaser reviews with product photographs posted on July 11, 2023 and July 15, 2023, which establish that the design had been sold to and received by ordinary

6

purchasers in the United States more than a year before the effective filing date and more than a year before the July 8, 2024 disclosure on which the declaration relied. A true and correct copy of the May 12, 2025 response, the § 1.130(b) declaration, and its Exhibits 1 and 2 is attached as Exhibit F.

**C.      The Claimed Design Was Publicly Available in 2023**

24.      The MophonicHome Listing, the very reference the Examiner cited, bears verified customer reviews accompanied by photographs of the product as received, posted on July 11, 2023 and July 15, 2023. Those reviews and photographs are publicly visible on Amazon.com and independently verifiable. True and correct copies are attached as Exhibit C.

25.      The reviews establish that the product depicted in the MophonicHome Listing had been sold, delivered to, and used by ordinary purchasers in the United States no later than July 11, 2023, notwithstanding the "first available" date of August 1, 2024 stated on the listing page and relied upon by the Examiner.

26.      In the eye of an ordinary observer familiar with the prior art, giving such attention as a purchaser usually gives, the design shown in the 2023 disclosures and the design claimed in the '442 Patent are substantially the same. Each shows an elongated rectangular mat composed of a row of parallel, rounded-end slats of uniform width separated by narrow channels, with the same overall proportions and visual impression. The ordinary observer test governs both infringement and anticipation. See *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc); *Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239-40 (Fed. Cir. 2009).

27.      The grace period of 35 U.S.C. § 102(b)(1) extends only to disclosures made one year or less before the effective filing date, that is, no earlier than November 21, 2023. The July

2023 disclosure falls outside that period. It is prior art under 35 U.S.C. § 102(a)(1) regardless of its source, and no exception under § 102(b)(1) applies to it.

28.     Because the claimed design was on sale and otherwise available to the public before the critical date, the single claim of the '442 Patent is anticipated and invalid under 35 U.S.C. §§ 102(a)(1) and 171.

**D.     Defendants' First Takedown and Its Reversal**

29.     On or about April 9, 2026, Defendants submitted an intellectual property complaint to Amazon asserting the '442 Patent against Plaintiff's ASIN B0G1GG2YQP. Amazon assigned the complaint identifier 19780264751 and removed the listing. The notice Amazon sent to Plaintiff identified the rights owner as Haoyi Chen, the contact address as haoyichen@archlakelaw.com, the infringement type as patent, and the patent as D1083442. A true and correct copy of that notice is attached as Exhibit D.

30.     Plaintiff's distributor, through counsel, submitted a response to Amazon contesting the complaint.

31.     Amazon reinstated ASIN B0G1GG2YQP in April 2026.

32.     Amazon's standard practice is to notify the complaining rights owner of a counter-submission and of the resolution of a complaint. On information and belief, Defendants received the prior-art submission, or notice of it, and in any event were informed that the complaint had not been sustained.

**E.     Defendants' Second Takedown**

33.     On July 23, 2026, Defendants submitted a second intellectual property complaint to Amazon asserting the same '442 Patent against three additional listings of the same seller: ASINs B0DSRWD6VS, B0GJZDDDGC, and B0G1GGKR48. Amazon assigned the complaint

identifier 21256716311 and removed all three listings. The notice again identified the rights owner contact as haoyichen@archlakelaw.com. A true and correct copy of that notice is attached as Exhibit E.

34. The '442 Patent is a design patent. Amazon's Patent Evaluation Express procedure, which provides for a neutral evaluator, is by its terms limited to unexpired United States utility patents and does not accept design patents. Defendants therefore proceeded through Amazon's standard infringement report channel, which produces immediate removal of the accused listings without any neutral assessment of infringement or validity, and which places on the accused seller the burden of obtaining reinstatement.

35. Defendants selected that mechanism with knowledge of its consequences. Removal was automatic and immediate. Plaintiff's listings lost their sales history, search placement, and customer reviews. Amazon's notice warned that the removed listings would remain suppressed unless Plaintiff obtained a retraction or provided proof of authorization, that the violation would be recorded against Plaintiff's account health for 180 days, and that inventory in Amazon's fulfillment centers could be disposed of after 60 days.

36. At no point before or after either takedown did Defendants file suit against Plaintiff in any court, request reexamination of the '442 Patent, or otherwise submit their infringement and validity positions to any tribunal capable of testing them.

**F.      Defendants Acted in Bad Faith**

37. Defendants' assertions of the '442 Patent were and are objectively baseless. The design claimed in the '442 Patent was publicly disclosed, offered for sale, and sold in the United States more than a year before the application was filed. No reasonable patent owner in

Defendants' position, holding the evidence Defendants held by April 2026, could expect to succeed on the merits of an infringement claim.

38. Defendants' assertions were also subjectively made in bad faith. By April 2026, Defendants had been presented with the specific, verifiable, independently confirmable prior art that defeats their patent. Amazon acted on that evidence and reinstated the listing. Defendants nonetheless asserted the same patent against the same seller three months later, on three more listings, without addressing the prior art, without any change in the facts, and without any intervening determination of validity in their favor.

39. On information and belief, Defendants asserted the '442 Patent not to protect any legitimate exclusionary right but to remove a competing seller's listings from Amazon.com, to divert that seller's sales and search placement, and to impose costs and account-health consequences sufficient to drive the seller from the category.

40. On information and belief, Yiwu Xuanxi and Chen acted in concert in submitting both complaints, with Chen furnishing the identification of Plaintiff's listings and transmitting the complaints, and with each knowing of the prior art and of the April 2026 reinstatement.

41. Defendants' conduct is part of a pattern of using the '442 Patent against marketplace sellers rather than through judicial process.

**G. Harm to Plaintiff**

42. As a direct and proximate result of Defendants' conduct, Plaintiff has lost sales during the period the Accused Listings were suppressed, has lost the sales rank, search placement, customer review history, and Buy Box eligibility associated with those listings, has incurred storage and disposal exposure for inventory held at Amazon fulfillment centers, has incurred

10

attorney fees and costs in seeking reinstatement, and has suffered damage to its Amazon account health and to its relationships with customers and suppliers.

43. After Plaintiff's counsel corresponded with Chen concerning Defendants' misuse of the invalid '442 Patent, Chen eventually notified Amazon to release ASINs B0DSRWD6VS and B0G1GGKR48. Chen did not, however, provide the same notice as to ASIN B0GJZDDDGC. Although Chen had accused all three ASINs of infringement and caused Amazon to remove them, he was unwilling to fully undo the resulting harm by securing reinstatement of all three listings.

44. Plaintiff's injury is continuing. So long as the '442 Patent stands unadjudicated, Defendants can and, based on their conduct to date, will submit further complaints against Plaintiff's listings, each producing immediate removal and each requiring Plaintiff to litigate the same invalidity question outside any court. Plaintiff has no adequate remedy at law for that ongoing exposure.

## COUNT I

### Declaratory Judgment of Non-Infringement of the '442 Patent

45. Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

46. An actual and justiciable controversy exists between Plaintiff and Defendants concerning whether Plaintiff's products infringe the '442 Patent.

47. Plaintiff's products, including those offered under ASINs B0DSRWD6VS, B0GJZDDDGC, B0G1GGKR48, and B0G1GG2YQP, do not infringe the single claim of the '442 Patent, literally or otherwise. In the eye of an ordinary observer familiar with the prior art, the accused designs are not substantially the same as the claimed design, and the resemblance, if any,

is attributable to features disclosed in the prior art rather than to anything the '442 Patent may validly claim.

48.     Plaintiff is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that it does not infringe and has not infringed the '442 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of the '442 Patent

49.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

50.     An actual and justiciable controversy exists between Plaintiff and Defendants concerning the validity of the '442 Patent.

51.     The single claim of the '442 Patent is invalid under 35 U.S.C. §§ 102(a)(1) and 171 because the claimed design was in public use, on sale, and otherwise available to the public in the United States before the November 21, 2024 effective filing date, through the MophonicHome Listing evidenced by customer reviews and photographs dated July 11, 2023 and July 15, 2023.

52.     No exception under 35 U.S.C. § 102(b)(1) applies. Each identified disclosure occurred more than one year before the effective filing date.

53.     The single claim of the '442 Patent is further invalid under 35 U.S.C. §§ 103 and 171 because the claimed design would have been obvious to a designer of ordinary skill in the art in view of the 2023 disclosures alone or in combination with the references cited on the face of the patent.

54.     Plaintiff is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that the '442 Patent is invalid.

## COUNT III

12

**Declaratory Judgment of Unenforceability for Inequitable Conduct**

55.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

56.     On March 6, 2025, Lina Shi executed a declaration under 37 C.F.R. § 1.130(b), submitted to the Office on May 12, 2025, for the sole purpose of removing the Examiner-cited MophonicHome Listing from the prior art. In that declaration Shi represented that the MophonicHome Listing was published with a first available date of August 1, 2024, and that the design had been disclosed earlier, on July 8, 2024, by AWW-US, a seller that had obtained the design directly from her.

57.     That representation was incomplete and misleading in a material respect. The same Amazon listing page from which the August 1, 2024 date was taken displayed verified purchaser reviews, with photographs of the product as received, posted on July 11, 2023 and July 15, 2023. The MophonicHome design was therefore available to the public no later than July 11, 2023, more than a year before the effective filing date and more than a year before the July 8, 2024 disclosure Shi identified. A disclosure derived from the inventor cannot except from the prior art a public disclosure that precedes it by a year, and the § 1.130(b) declaration could not have removed the reference had the July 2023 reviews been disclosed.

58.     The withheld information was but-for material. The MophonicHome Listing was the sole reference underlying the sole rejection. The Examiner withdrew that rejection and allowed the single claim in reliance on the § 1.130(b) declaration. Had the Examiner been informed of the July 2023 reviews appearing on the very listing she had cited, the claim would not have issued.

59.     On information and belief, Shi knew of the July 2023 reviews and withheld them from the Office with the specific intent to deceive. Shi examined the MophonicHome Listing

closely enough to record its full URL and its stated first-available date, and the July 2023 reviews and photographs appeared on that same listing page. Shi acknowledged in the declaration that a willful false statement is punishable under 18 U.S.C. § 1001 and may jeopardize the validity of any patent issuing on the application.

60.     Plaintiff is entitled to a declaration under 28 U.S.C. §§ 2201 and 2202 that the '442 Patent is unenforceable.

## COUNT IV

### Tortious Interference with Prospective Economic Advantage

(Against Both Defendants)

61.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

62.     Plaintiff had a reasonable expectancy of entering into valid business relationships with Amazon customers who viewed and purchased the Accused Listings, and with Amazon itself as the platform through which those sales were made.

63.     Defendants knew of that expectancy. Defendants identified Plaintiff's specific listings by ASIN in their complaints to Amazon and knew that removal of those listings would terminate Plaintiff's prospective sales through them.

64.     Defendants intentionally and unjustifiably interfered with that expectancy by submitting complaints to Amazon asserting infringement of a patent they knew or should have known to be invalid, thereby causing Amazon to remove the Accused Listings.

65.     Defendants' assertions of infringement were objectively baseless and were made in subjective bad faith, for the reasons alleged above. Plaintiff's claim is therefore not preempted by

14

federal patent law. See Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1374 (Fed. Cir. 2004); Zenith Elecs. Corp. v. Exzec, Inc., 182 F.3d 1340, 1355 (Fed. Cir. 1999).

66.     Plaintiff has been damaged as a result, in an amount to be proven at trial.

## COUNT V

### Tortious Interference with Contract

(Against Both Defendants, in the Alternative)

67.     Plaintiff repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

68.     Plaintiff is a party to the Amazon Services Business Solutions Agreement, a valid and enforceable contract governing Plaintiff's right to list and sell products on Amazon.com.

69.     Defendants knew of that contractual relationship. Defendants submitted their complaints through a mechanism available only against sellers who list products under that agreement.

70.     Defendants intentionally induced Amazon to suspend Plaintiff's listing rights as to the Accused Listings by submitting infringement complaints they knew or should have known to be unfounded, and thereby caused a breach or disruption of Plaintiff's contractual relationship with Amazon.

71.     Defendants' conduct was unjustified because it rested on assertions that were objectively baseless and made in bad faith.

72.     Plaintiff has been damaged as a result, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

15

A. Declaring that Plaintiff has not infringed and does not infringe any claim of United States Design Patent No. D1,083,442 S;

B. Declaring that United States Design Patent No. D1,083,442 S is invalid;

C. Declaring that United States Design Patent No. D1,083,442 S is unenforceable;

D. Enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from asserting United States Design Patent No. D1,083,442 S against Plaintiff, against Plaintiff's products, or against any marketplace or platform on which Plaintiff's products are offered;

E. Ordering Defendants to withdraw complaint identifiers 19780264751 and 21256716311 and any related complaints, and to take all steps necessary to secure reinstatement of ASINs B0DSRWD6VS, B0GJZDDDGC, B0G1GGKR48, and B0G1GG2YQP and the removal of any associated policy violations from Plaintiff's account;

F. Awarding Plaintiff compensatory damages in an amount to be proven at trial;

G. Awarding Plaintiff punitive damages to the extent permitted by applicable law;

H. Declaring this an exceptional case and awarding Plaintiff its reasonable attorney fees under 35 U.S.C. § 285 and any other applicable authority;

I. Awarding Plaintiff its costs and pre-judgment and post-judgment interest; and

J. Granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 13, 2026                          Respectfully submitted,


                                                /s/ Nicholas Lee
                                                Nicholas Lee
                                                332 S. Michigan Ave., Suite 900
                                                Chicago, IL 60604
                                                Tel: (224) 360-3293
                                                nslee@nslegal-ip.com

                                                *Counsel for Plaintiff*

17